# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL ZUÑIGA-TORRES,

Petitioner,

v.

RAYMOND HERNANDEZ,
MARKWAYNE MULLIN, TODD
BLANCHE, DEPARTMENT OF
HOMELAND SECURITY,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, and DALE
J. SCHMIDT,

Respondents.

Case No. 26-CV-1226-JPS

**ORDER**

Petitioner Angel Zuñiga-Torres ("Petitioner"), a Mexican national, entered the United States without inspection in 2001. ECF No. 1 at 1. United States Immigration and Customs Enforcement ("ICE") / Department of Homeland Security ("DHS") took Petitioner into custody on July 3, 2026 and have detained him since then without a bond hearing at Dodge County Detention Facility in Juneau, Wisconsin. *Id.* at 2. Respondent Dale J. Schmidt ("Schmidt") serves as Petitioner's immediate physical custodian. *Id.* at 3.

On July 13, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1. In addition to Schmidt, Petitioner also named as respondents Raymond Hernandez, ICE Acting Field Office Director for the Chicago Field Office; Markwayne Mullin, Secretary of the DHS; Todd Blanche, Acting United States Attorney General; DHS; and the

Executive Office for Immigration Review, and (together, "Federal Respondents"). *Id.* at 1.

Federal Respondents purport to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A), which mandates detention. ECF No. 8 at 3–8. Petitioner contends instead that 8 U.S.C. § 1226 applies to him, entitling him to a bond hearing. ECF No. 1 at 13; ECF No. 9 at 1. Petitioner argues that his ongoing detention violates the Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq. ("INA"), and the Administrative Procedures Act, 5 U.S.C. §§ 551–559 ("APA"). ECF No. 1 at 13–18. Federal Respondents filed their brief opposing the petition, ECF No. 8 (which Schmidt joined, *see* ECF No. 8 at 1 n.1), and Petitioner submitted a reply, ECF No. 9.

In *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026), the Seventh Circuit joined the Second, Eleventh, Sixth, and Tenth Circuits in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." 2026 WL 2198315, at *1 n.1, *2. Based on this circuit precedent, § 1226 governs Petitioner's detention, entitling him to a bond hearing. The Court will, therefore, grant Petitioner a writ of habeas corpus and order that a bond hearing take place before an immigration judge within thirty days of the date of this Order.

> An alien in a custody determination under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2012), must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.

*Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) (citing *Matter of Fatahi*, 26 I&N Dec. 791, 793-94 (BIA 2016); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112-13 (BIA 1999), *modified on other grounds*; and *Matter of Garcia Arreola*, 25 I&N Dec. 267 (BIA 2010)). The parties will further be ordered to file a joint status report within thirty days of this Order.[1]

Accordingly,

**IT IS ORDERED** that Petitioner Angel Zuñiga-Torres' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Angel Zuñiga-Torres be afforded a bond hearing before an immigration judge pursuant to 28 U.S.C. § 1226(a) within **thirty (30) days** from the date of this Order; and

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint status report on or before **thirty (30) days of this Order**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1]To the extent Petitioner seeks return of his personal documents, including his driver's license and work authorization card, ECF No. 1 at 18, he failed to provide a legal basis to support the request. *See generally* ECF Nos. 1 and 9. As such, this Court will not entertain granting this relief. *See Hill v. Buesgen*, No. 25-cv-346-pp, 2025 WL 2493992, at *9 (E.D. Wis. Aug. 29, 2025). ("A petitioner who does not present an argument in support of a ground for relief waives that ground") (collecting cases).

Case 2:26-cv-01226-JPS    Filed 08/05/26    Page 3 of 3    Document 12